IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00243-MR

| | |
|---|---|
| ASHLEE INSCOE,[1]           )<br>                              )<br>         Plaintiff,           )<br>                              )<br>vs.                           )<br>                              )<br>NORTH CAROLINA DEPARTMENT     )<br>OF PUBLIC SAFETY, et al.,     )<br>                              )<br>         Defendants.          )<br>_____)  | **ORDER** |

**THIS MATTER** is before the Court on initial review of the pro se Complaint [Doc. 1]. The Plaintiff has paid the full filing fee.

**I.    BACKGROUND**

The pro se Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, and North Carolina law, addressing incidents that allegedly occurred at the Avery-Mitchell Correctional Institution.[2] The Plaintiff originally filed this

---

[1] According to the North Carolina Department of Public Safety's website, the Plaintiff's name is William M. Inscoe. See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0568587&searchOffenderId=0568587&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (last accessed Nov. 17, 2022); Fed. R. Evid. 201.

[2] The Plaintiff is presently incarcerated at the Nash Correctional Institution.

action in the United States District Court for the Eastern District of North Carolina; the case was transferred to this Court on November 16, 2022. [Doc. 3].

The Plaintiff names as Defendants the North Carolina Department of Public Safety (NCDPS), and the following NCDPS employees in their official and individual capacities: Eddie Buffaloe, the NCDPS secretary; Charlotte Jordan-Williams,[3] the NCDPS Prison Rape Elimination Act (PREA) director; Ronnie L. Honeycutt,[4] the Avery-Mitchell CI warden; James B. Watson, an Avery-Mitchell CI PREA compliance correctional captain; Derick Fox, an Avery-Mitchell CI correctional lieutenant; James Waldroop, an Avery-Mitchell CI unit manager; FNU Goforth and Edna Silver,[5] Avery-Mitchell CI correctional sergeants; FNU Hicks, Shawn Buchanan, Chris Miller, and Russel Carver, Avery-Mitchell CI correctional officers; and "J. Doe(s)," NCDPS employees. [Doc. 1 at 3-9].

---

[3] Also "Williams" in the Complaint. [Doc. 1-1 at 32].

[4] Also "Huneycutt" in the Complaint. [See, e.g., Doc. 1-1 at 32].

[5] Also "Silvers" in the Complaint. [Doc. 1-1 at 33].

2

The Plaintiff describes herself as an "intersex woman"[6] who with diagnoses of "hermaphroditism/intersex, … cryptorchidism and gender dysphoria" who is genetically female, but was raised as male, has primary and secondary female sex characteristics, has spent most of her life as a female, has undergone gender affirming surgery, and has been on estrogen hormone replacement therapy for almost 25 years. [Doc. 1-1 at 6-7, 36]. She claims that NCDPS *inter alia* failed to properly train health care, custody, and administration staff, has refused to transfer her to a female prison for the past three years, and forced her into an unsafe communal living situation with 33 male inmates at Avery-Mitchell CI. [See Doc. 1-1 at 10-11]. She claims that she has endured constant harassment and sexual propositioning by inmates and staff, unreasonable strip searches by male guards, and a sexual assault by Officer Carver. The Plaintiff seeks a declaratory judgment, injunctive relief, compensatory and punitive damages, prejudgment interest, all fees and costs, a jury trial, and any further relief that the Court deems just and proper. [Doc. 1 at 1; Doc. 1-1 at 39-40].

---

[6] "Intersex" is defined as "having physical characteristics intermediate between a true male and a true female," that "usually results from extra chromosomes or a hormonal abnormality during embryological development." https://www.britannica.com/science/intersex (last accessed Nov. 17, 2022); Fed. R. Ev. 201.

## II. STANDARD OF REVIEW

Although the Plaintiff has paid the full filing fee, the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION[7]

### A. Parties

The Plaintiff names "J. Doe(s)" NCDPS employees as Defendants. [Doc. 1 at 9]. John Doe suits are permissible only against "real, but unidentified, defendants." Schiff v. Kennedy, 691 F.2d 196, 197 (4th Cir. 1982). The designation of a John Doe defendant is generally not favored in the federal courts; it is appropriate only when the identity of the alleged defendant is not known at the time the complaint is filed and the plaintiff is likely to be able to identify the defendant after further discovery. See Roper v. Grayson, 81 F.3d 124, 126 (10th Cir. 1996); Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). "[I]f it does not appear that the true identity of an unnamed party can be discovered through discovery or through intervention by the court, the court could dismiss the action without prejudice." Schiff, 691 F.2d at 198 (footnote omitted). The Plaintiff has provided no information from which the Court can conclude that she would likely be able to identify any John and/or Jane Doe Defendants through discovery. Accordingly, the claims against the Doe Defendants are dismissed at this time.

---

[7] The Court will not attempt to address all of the individual allegations contained in the 57-page Complaint. However, the allegations are liberally construed and the Court will address the claims reasonably suggested by the allegations.

5

Further, the body of the Complaint contains allegations against numerous individuals who are not named as defendants in the caption as required by Rule 10(a) of the Federal Rules of Civil Procedure. [See, e.g., Doc. 1-1 at 12, 25, 32 (referring to Jon Peiper, Officer Jimenson, and "Defendants … Ishee, [and] Harris")]; see Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("to make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity"). The allegations directed at individuals not named as Defendants are dismissed without prejudice.

The Plaintiff also uses vague terms and pronouns rather than identifying the individual(s) involved in each allegation. [See, e.g., Doc. 1-1 at 13, 23 ("DPS," "DPS staff," "staff, lieutenants, captains, sergeants")]. Such claims are too vague and conclusory to proceed insofar as the Court is unable to determine the Defendant(s) to whom these allegations refer. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d

33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). Further, these allegations are nullities to the extent that refer to non-parties, and they are insufficient to proceed insofar as they refer to Doe Defendants who are not likely to be identified through discovery, for the reasons discussed *supra*.

### B.    Section 1983

To state a claim under § 1983, a plaintiff must allege that she was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

A state official can be sued in a § 1983 suit in three ways: in his personal capacity, his official capacity, or in a more limited way, his supervisory capacity. King v. Rubenstein, 825 F.3d 206, 223–24 (4th Cir. 2016). For personal liability, "it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." Kentucky v. Graham, 473 U.S. 159, 166 (1985). In an official-capacity suit, however, "[m]ore is required": the suit is "treated as a suit against the entity," which must then be a "'moving force' behind the deprivation," King, 825 F.3d at 223

(quoting Polk County v. Dodson, 454 U.S. 312, 326 (1981)); thus, the entity's "'policy or custom' must have played a part in the violation of federal law," id. (quoting Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978)). Meanwhile, a supervisor can be liable where (1) he knew that his subordinate "was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury;" (2) his response showed "deliberate indifference to or tacit authorization of the alleged offensive practices;" and (3) that there was an "affirmative causal link" between his inaction and the constitutional injury." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (internal quotation marks omitted).

Liberally construing the allegations and drawing all reasonable inferences in the Plaintiff's favor, the Plaintiff has sufficiently stated the following claims as to pass initial review that: Defendants Buffaloe, Buchanan, Carver, Fox, Goforth, Hicks Honeycutt, Jordan-Williams, Miller, Silver, Waldroop, and Watson violated the Eighth Amendment by exposing her to a substantial risk of serious harm; Defendants Buffaloe, Buchanan, Carver, Fox, Goforth, Hicks, Honeycutt, Jordan-Williams, Miller, Silver, Waldroop, and Watson violated the Fourth Amendment for subjecting her to unreasonable searches; Defendants Fox, Goforth, Honeycutt, and Waldroop

8

violated the First Amendment by retaliating against her;[8] and Defendants Buffaloe, Buchanan, Carver, Fox, Goforth, Hicks, Honeycutt, Jordan-Williams, Miller, Silver, Waldroop, and Watson violated the Fourteenth Amendment by denying her equal protection.[9]

**C.   ADA**

To state a claim under the ADA a plaintiff must show that: (1) she has a disability; (2) she was otherwise qualified to receive the benefits of a public service, program, or activity; and (3) she was denied the benefits of such service, program, or activity, or was otherwise discriminated against, on the basis of the disability. See Nat'l Fed. of the Blind v. Lamone, 813 F.3d 494 (4th Cir. 2016); Doe v. Univ. of Md. Med. Sys. Corp., 50 F.3d 1261 (4th Cir. 1995).

Here, the Plaintiff claims that she is a qualified person with a disability under the ADA pursuant to her medical diagnoses; that the correctional Defendants discriminated against her, denied her reasonable

---

[8] The Complaint also suggests a claim for interference with the mail, but the Plaintiff has failed to name as defendants any of the individuals who allegedly violated the First Amendment in that regard.

[9] With respect to Defendants Buffaloe, Honeycutt, Jordan-Williams, and Watson, it is not entirely clear from the Plaintiff's Complaint whether these Defendants are being sued in their individual capacities for acts of personal wrongdoing or whether they are being sued in their official or supervisory capacities. The Court finds that the parameters of the Plaintiff's claims in this regard would be best addressed in the context of a Rule 12 motion to dismiss rather than on initial review.

9

accommodations, denied her DPS programs, services, and activities because she is intersex; and that the supervisory personnel are failing to provide adequate training to staff in responding to intersex inmates. Liberally construing the Plaintiff's claims, the Court concludes that she has sufficiently asserted a claim so as to pass initial review against Defendants Buffaloe, Buchanan, Carver, Fox, Goforth, Hicks, Honeycutt, Jordan-Williams, Miller, Silver, Waldroop, and Watson.[10]

### D. Supplemental Jurisdiction

Federal district courts may entertain claims not otherwise within their adjudicatory authority when those claims "are so related to claims ... within [federal-court competence] that they form part of the same case or controversy." 28 U.S.C. § 1367(a). To exercise supplemental jurisdiction, a court must find that "[t]he state and federal claims ... derive from a common nucleus of operative fact" where a plaintiff "would ordinarily be expected to try them all in one judicial proceeding." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966).

---

[10] Like the Plaintiff's § 1983 claims, it is not entirely clear whether the Plaintiff is pursuing ADA claims against Defendants Buffaloe, Honeycutt, Jordan-Williams, and Watson in their individual capacities or their official/supervisory capacities. Again, the Court finds that this issue would be best addressed in the context of a Rule 12 motion to dismiss rather than on initial review.

Here, the Plaintiff asserts that her rights under North Carolina Constitution Article 1, § 27 are being violated for the same reasons that the Defendants violated her Eighth Amendment rights. [See Doc. 1-1 at 37]. The Plaintiff's Eighth Amendment claims passed initial review, and the Plaintiff's § 27 claims will likewise be allowed to proceed against NCDPS and Defendants Buffaloe, Buchanan, Carver, Fox, Goforth, Hicks Honeycutt, Jordan-Williams, Miller, Silver, Waldroop, and Watson at this time.

## IV. CONCLUSION

In sum, the Complaint has passed initial review against Defendants Buffaloe, Buchanan, Carver, Fox, Goforth, Hicks, Honeycutt, Jordan-Williams, Miller, Silver, Waldroop, and Watson, and the Court exercises supplemental jurisdiction over the Plaintiff's claims under the North Carolina Constitution against those Defendants as well as against NCDPS, as described in this Order. The remaining claims are dismissed without prejudice.

In light of the Court's determination that this case passes initial review in accordance with this Order, the Court will order the Clerk of Court to commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for NCDPS, and Defendants Buffaloe, Buchanan, Carver, Fox, Goforth,

Hicks, Honeycutt, Jordan-Williams, Miller, Silver, Waldroop, and Watson, who are alleged to be current or former employees of NCDPS.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The § 1983 and ADA claims have passed initial review against Defendants Buffaloe, Buchanan, Carver, Fox, Goforth, Hicks, Honeycutt, Jordan-Williams, Miller, Silver, Waldroop, and Watson, and the Court exercises supplemental jurisdiction over the Plaintiff's claims under the North Carolina Constitution against those Defendants as well as against NCDPS, as described in this Order.

2. The remaining claims are **DISMISSED WITHOUT PREJUDICE**.

3. The Clerk shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for NCDPS and Defendants Buffaloe, Buchanan, Carver, Fox, Goforth, Hicks, Honeycutt, Jordan-Williams, Miller, Silver, Waldroop, and Watson, who are alleged to be current or former employees of NCDPS.

**IT IS SO ORDERED.** Signed: January 16, 2023

Martin Reidinger
Chief United States District Judge