IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
No. 1:22-CV-00243-MR

| | |
|---|---|
| ASHLEE INSCOE,<br><br>Plaintiff,<br><br>v.<br><br>NORTH CAROLINA DEPARTMENT OF<br>PUBLIC SAFETY, et al.,<br><br>Defendants. | **ANSWER TO COMPLAINT**<br>**[D.E. 1]** |

NOW COMES Defendants Eddie Buffaloe, Jr., Charlotte Jordan Williams, Ronnie L. Huneycutt, James Brian Watson, Derrick Fox, James Waldroop, Christian Goforth, Edna Silver, Matthan Hicks, Shawn Buchanan, Chris Miller, and Russell Carver, by and through undersigned counsel, Special Deputy Attorney General Bettina J. Roberts, and responds to Plaintiff's Complaint [D.E. 1] as follows:

### I. COMPLAINT

Answering Section I, Complaint, there are no allegations directed to Defendants, and therefore no response is required. To the extent a response is required, it is admitted upon information and belief that Plaintiff's Complaint purports to be a claim under 42 U.S.C. § 1983. Except as admitted herein, denied.

### II. PLAINTIFF INFORMATION

Defendants incorporate and allege the responses hereinabove. Answering Section II, Plaintiff Information, there are no allegations directed to Defendants, and therefore, no response is required. To the extent a response is required, it is admitted that at the time of the filing of the

1

Complaint Plaintiff was incarcerated at Nash Correctional Institution ("Nash CI"), mailing address P.O. Box 600, Nashville, North Carolina, 27856. Except as admitted herein, denied.

### III. PRISONER STATUS

Defendants incorporate and allege the responses hereinabove. Answering Section III, Prisoner Status, there are no allegations directed to Defendants, and therefore, no response is required. To the extent a response is required, it is admitted that Plaintiff is currently a convicted and sentenced state prisoner. Except as admitted herein, denied.

### IV. DEFENDANT(S) INFORMATION

Defendants incorporate and allege the responses hereinabove. Answering Section IV, Defendant(s) Information, it is admitted that at the time of the underlying allegations, Defendants were employed the North Carolina Department of Public Safety ("NCDPS"). It is further admitted that Plaintiff purports to sue Defendants in both their individual and official capacities. Except as herein admitted, denied.

### V. STATEMENT OF CLAIM

Defendants incorporate and allege the responses hereinabove. Answering Section V, Statement of Claim, Defendants deny the allegations that are directed against them. Defendants further deny that any of Plaintiff's constitutional rights, or any other rights or privileges granted her under federal law, were violated. Except as specifically admitted herein, denied.

### VI. ADMINISTRATIVE PROCEDURES

Defendants incorporate and allege the responses hereinabove. Answering Section VI, Administrative Procedures, there are no allegations directed to the Defendants, and therefore no response is required. To the extent a response is required, it is admitted that Plaintiff has submitted numerous grievances pursuant to the Administrative Remedy Procedure during the duration of her

incarceration. It is further admitted that said grievances speak for themselves as to their content and the dates submitted. Section VI is specifically denied to the extent that it asserts or implies that Plaintiff has exhausted administrative remedies as required by law in connection with the claims asserted in this action against Defendants. Except as herein admitted, denied.

## VII. RELIEF

Defendants incorporate and allege the responses hereinabove. Answering Section VII, Relief, denied including to the extent that compensatory, declaratory, injunctive relief and/or punitive damages can be construed to be sought by Plaintiff herein against Defendants. It is specifically denied that Plaintiff has asserted any facts sufficient to state a claim for compensatory, declaratory, injunctive relief and/or punitive damages against Defendants.

## VIII. PRISONER'S LITIGATION HISTORY

Defendants incorporate and allege the responses hereinabove. Answering Section VIII., Prisoner's Litigation History, there are no allegations directed to Defendants, therefore no response is required. To the extent a response is required, any previous lawsuits Plaintiff filed are in writing and speak for themselves. Except as herein admitted, denied.

## IX. PLAINTIFF'S DECLARATION AND WARNING

Defendants incorporate and allege the responses hereinabove. Answering Section IX, Plaintiff's Declaration and Warning, there are no allegations directed to Defendants, and therefore, no response is required. To the extent a response is required, denied.

**ANY AND ALL OTHER ALLEGATIONS MADE IN PLAINTIFF'S COMPLAINT, INCLUDING THE RELIEF REQUESTED AND ANY ALLEGATIONS CONTAINED IN THE ATTACHMENTS THERETO, EXCEPT AS SPECIFICALLY ADMITTED ABOVE, ARE HEREBY DENIED. FURTHER ANSWERING THE COMPLAINT OF THE PLAINTIFF AND AS FURTHER DEFENSES THERETO, DEFENDANTS AVER:**

# FIRST DEFENSE

To the extent Plaintiff seeks to recover money damages from Defendants in their official capacities, the immunity provided by the Eleventh Amendment to the United States Constitution and sovereign immunity bar the recovery of such damages. The State of North Carolina has not consented to suit or otherwise waived such immunity.

# SECOND DEFENSE

Qualified immunity shields Defendants in their individual capacities from Plaintiff's claims against them for monetary damages, if any, as Defendants did not violate any clearly-established constitutional rights of which a reasonable person would have known.

# THIRD DEFENSE

At the time of the incident alleged in the Complaint, Defendants were public officials and any claims against them in their individual capacities are barred by the doctrine of public official immunity.

# FOURTH DEFENSE

No act or failure to act by Defendants was a proximate cause of the injuries or damages, if any, complained of by Plaintiff.

# FIFTH DEFENSE

Plaintiff's Complaint fails to allege sufficient facts to state a claim for punitive damages against Defendants, and Defendants pleads such failure in bar of any claim against her for punitive damages. Specifically, Plaintiff's Complaint fails to allege specific facts sufficient to make out the level of intentional or reckless disregard of injury, or evil motive or intent by Defendants required to support a claim for punitive damages.

# SIXTH DEFENSE

Defendants deny that they deprived Plaintiff of or violated any right under the Constitution of the United States or other federal law.

### SEVENTH DEFENSE

Plaintiff fails to state a claim upon which relief can be granted against Defendants, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants plead this failure in bar of Plaintiff's claims against them.

### EIGHTH DEFENSE

To the extent that any injuries or damages did arise out of the facts alleged by Plaintiff, such injuries or damages arose out of Plaintiff's own actions or omissions, and thus Plaintiff failed to mitigate his own damages and Defendants plead such failure as a bar to damages or requiring a reduction of Plaintiff's alleged damages.

### NINTH DEFENSE

Plaintiff had a duty to exercise reasonable care for his own safety and well-being. As a direct and proximate result of his own contributory negligence, Plaintiff contributed in whole or in part to the injury of which Plaintiff now complains, and Defendants plead the contributory negligence of Plaintiff in bar of Plaintiff's claims.

### TENTH DEFENSE

Defendants contend that, if the jury should find that any other person or entity breached any duty of reasonable care applicable to Plaintiff as referenced in the Complaint, and that such breach was a proximate cause of injury to Plaintiff and thereby interrupted the causal relationship between any alleged – but denied – intentional acts or deliberate indifference of Defendants with respect to the alleged injury to Plaintiff, Defendants plead such intervening and superseding negligence and/or deliberate indifference as a complete bar against recovery by Plaintiff from Defendants in this matter.

### ELEVENTH DEFENSE

This Court lacks subject matter jurisdiction over Plaintiff's claims related to any allegations of negligent acts committed by Defendants, as state employees, while acting within the course and scope of their employment with the North Carolina Department of Adult Correction.

### TWELFTH DEFENSE

Defendants affirmatively assert that they engaged in good faith efforts to comply with the law.

### THIRTEENTH DEFENSE

Plaintiff's Complaint fails to allege sufficient facts to allow Defendants to determine all potentially applicable affirmative defenses at this time, and as such, Defendants reserve the right to amend this Answer to include further affirmative defenses.

### DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury on all issues so triable.

WHEREFORE, having responded to the allegations of Plaintiff's Complaint [D.E. 1], and having asserted the above-noted defenses and immunities, Defendants pray the Court as follows:

1. That the Complaint be dismissed with prejudice;
2. That Plaintiff have and recover nothing from Defendants in this action;
3. That costs of this action, including reasonable attorney's fees, be taxed to Plaintiff;
4. For a trial by jury of all issues so triable; and
5. For such other and further relief as the Court deems just and proper.

This the 16th day of June, 2023.

                              **JOSHUA H. STEIN**
                              **Attorney General**

/s/ Bettina J. Roberts
Bettina J. Roberts
Special Deputy Attorney General
Public Safety Section
N.C. State Bar No. 43356
9001 Mail Service Center
Raleigh, North Carolina 27699-9001
Telephone: (919) 716-6540
Fax: (919) 716-6761
E-mail: bjroberts@ncdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing **ANSWER TO COMPLAINT [D.E. 1]**, with the Clerk of the Court utilizing the CM/ECF system, and further certify that I have on this day, served the foregoing document upon the Plaintiff, a *non*-CM/ECF participant via regular United States Mail, first-class postage prepaid, addressed as follows:

> Ashlee Inscoe
> OPUS #0568587
> Nash Correctional Institution
> 2869 US-64
> Nashville, NC 27856
> *Pro se plaintiff*

This the 16th day of June, 2023.

/s/Bettina J. Roberts
Bettina J. Roberts
Special Deputy Attorney General