IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
No. 1:22-CV-00243-MR

| | | |
|---|---|---|
| ASHLEE INSCOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **DEFENDANT DPS ANSWER TO** |
| | ) | **COMPLAINT** |
| NORTH CAROLINA DEPARTMENT OF | ) | **[D.E. 1]** |
| PUBLIC SAFETY, et al., | ) | |
| | ) | |
| Defendant. | ) | |

NOW COMES Defendant North Carolina Department of Public Safety ("DPS"), by and through undersigned counsel, Assistant Attorney General J. Locke Milholland, IV, and responds to Plaintiff's Complaint [D.E. 1] as follows:

## I. COMPLAINT

Answering Section I, Complaint, there are no allegations directed to Defendant, and therefore no response is required. To the extent a response is required, it is admitted upon information and belief that Plaintiff's Complaint purports to be a claim under 42 U.S.C. § 1983. Except as admitted herein, denied.

## II. PLAINTIFF INFORMATION

Defendant incorporates and alleges the responses hereinabove. Answering Section II, Plaintiff Information, there are no allegations directed to Defendant, and therefore, no response is required. To the extent a response is required, it is admitted that at the time of the filing of the Complaint Plaintiff was incarcerated at Nash Correctional Institution ("Nash CI"), mailing address P.O. Box 600, Nashville, North Carolina, 27856. Except as admitted herein, denied.

### III. PRISONER STATUS

Defendant incorporates and alleges the responses hereinabove. Answering Section III, Prisoner Status, there are no allegations directed to Defendant, and therefore, no response is required. To the extent a response is required, it is admitted that Plaintiff is currently a convicted and sentenced state prisoner. Except as admitted herein, denied.

### IV. DEFENDANT(S) INFORMATION

Defendant incorporates and alleges the responses hereinabove. Answering Section IV, Defendant(s) Information, it is admitted that at the time of the underlying allegations, Defendant was a State Agency. Except as herein admitted, denied.

### V. STATEMENT OF CLAIM

Defendant incorporates and alleges the responses hereinabove. Answering Section V, Statement of Claim, Defendant denies the allegations that are directed against it. Defendant further denies that any of Plaintiff's constitutional rights, or any other rights or privileges granted under federal law, were violated. Except as specifically admitted herein, denied.

### VI. ADMINISTRATIVE PROCEDURES

Defendant incorporates and alleges the responses hereinabove. Answering Section VI, Administrative Procedures, there are no allegations directed to the Defendant, and therefore no response is required. To the extent a response is required, it is admitted that Plaintiff has submitted numerous grievances pursuant to the Administrative Remedy Procedure during the duration of incarceration. It is further admitted that said grievances speak for themselves as to their content and the dates submitted. Section VI is specifically denied to the extent that it asserts or implies that Plaintiff has exhausted administrative remedies as required by law in connection with the claims asserted in this action against Defendant. Except as herein admitted, denied.

## VII. RELIEF

Defendant incorporates and alleges the responses hereinabove. Answering Section VII, Relief, denied including to the extent that compensatory, declaratory, injunctive relief and/or punitive damages can be construed to be sought by Plaintiff herein against Defendant. It is specifically denied that Plaintiff has asserted any facts sufficient to state a claim for compensatory, declaratory, injunctive relief and/or punitive damages against Defendant.

## VIII. PRISONER'S LITIGATION HISTORY

Defendant incorporates and alleges the responses hereinabove. Answering Section VIII., Prisoner's Litigation History, there are no allegations directed to Defendant, therefore no response is required. To the extent a response is required, any previous lawsuits Plaintiff filed are in writing and speak for themselves. Except as herein admitted, denied.

## IX. PLAINTIFF'S DECLARATION AND WARNING

Defendant incorporates and alleges the responses hereinabove. Answering Section IX, Plaintiff's Declaration and Warning, there are no allegations directed to Defendant, and therefore, no response is required. To the extent a response is required, denied.

**ANY AND ALL OTHER ALLEGATIONS MADE IN PLAINTIFF'S COMPLAINT, INCLUDING THE RELIEF REQUESTED AND ANY ALLEGATIONS CONTAINED IN THE ATTACHMENTS THERETO, EXCEPT AS SPECIFICALLY ADMITTED ABOVE, ARE HEREBY DENIED. FURTHER ANSWERING THE COMPLAINT OF THE PLAINTIFF AND AS FURTHER DEFENSES THERETO, DEFENDANT AVER:**

### FIRST DEFENSE

To the extent Plaintiff seeks to recover money damages from Defendant as a State Agency, the immunity provided by the Eleventh Amendment to the United States Constitution and sovereign immunity bar the recovery of such damages. The State of North Carolina has not

consented to suit or otherwise waived such immunity.

**SECOND DEFENSE**

No act or failure to act by Defendant was a proximate cause of the injuries or damages, if any, complained of by Plaintiff.

**THIRD DEFENSE**

Plaintiff's Complaint fails to allege sufficient facts to state a claim for punitive damages against Defendant, and Defendant pleads such failure in bar of any claim against her for punitive damages. Specifically, Plaintiff's Complaint fails to allege specific facts sufficient to make out the level of intentional or reckless disregard of injury, or evil motive or intent by Defendant required to support a claim for punitive damages.

**FOURTH DEFENSE**

Defendant denies that it deprived Plaintiff of or violated any right under the Constitution of the United States or other federal law.

**FIFTH DEFENSE**

Plaintiff fails to state a claim upon which relief can be granted against Defendant, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant plead this failure in bar of Plaintiff's claims against them.

**SIXTH DEFENSE**

To the extent that any injuries or damages did arise out of the facts alleged by Plaintiff,

such injuries or damages arose out of Plaintiff's own actions or omissions, and thus Plaintiff failed to mitigate his own damages and Defendant plead such failure as a bar to damages or requiring a reduction of Plaintiff's alleged damages.

**SEVENTH DEFENSE**

Plaintiff had a duty to exercise reasonable care for his own safety and well-being. As a direct and proximate result of his own contributory negligence, Plaintiff contributed in whole or in part to the injury of which Plaintiff now complains, and Defendant plead the contributory negligence of Plaintiff in bar of Plaintiff's claims.

**EIGHTH DEFENSE**

Defendant contends that, if the jury should find that any other person or entity breached any duty of reasonable care applicable to Plaintiff as referenced in the Complaint, and that such breach was a proximate cause of injury to Plaintiff and thereby interrupted the causal relationship between any alleged – but denied – intentional acts or deliberate indifference of Defendant with respect to the alleged injury to Plaintiff, Defendant plead such intervening and superseding negligence and/or deliberate indifference as a complete bar against recovery by Plaintiff from Defendant in this matter.

**NINTH DEFENSE**

This Court lacks subject matter jurisdiction over Plaintiff's claims related to any allegations of negligent acts committed by Defendant, as employer of state employees, while acting within the course and scope of their employment with the North Carolina Department of Public Safety or

Department of Adult Correction; further, any claim of medical negligence fails for lack of jurisdiction.

## **TENTH DEFENSE**

Defendant affirmatively asserts that it engaged in good faith efforts to comply with the law.

## **ELEVENTH DEFENSE**

Plaintiff's Complaint fails to allege sufficient facts to allow Defendant to determine all potentially applicable affirmative defenses at this time, and as such, Defendant reserve the right to amend this Answer to include further affirmative defenses.

## **DEMAND FOR JURY TRIAL**

Defendant hereby demand a trial by jury on all issues so triable.

WHEREFORE, having responded to the allegations of Plaintiff's Complaint [D.E. 1], and having asserted the above-noted defenses and immunities, Defendant prays the Court as follows:

1. That the Complaint be dismissed with prejudice;
2. That Plaintiff have and recover nothing from Defendant in this action;
3. That costs of this action, including reasonable attorney's fees, be taxed to Plaintiff;
4. For a trial by jury of all issues so triable; and
5. For such other and further relief as the Court deems just and proper.

This the 30th day of October, 2023.

JOSHUA H. STEIN
**Attorney General**

/s/ J. Locke Milholland, IV
J. Locke Milholland, IV
Assistant Attorney General
Public Safety Section
N.C. State Bar No. 35449
9001 Mail Service Center
Raleigh, North Carolina 27699-9001
Telephone: (919) 716-6540
Fax: (919) 716-6761
E-mail:  JMilholland@ncdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing **ANSWER TO COMPLAINT [D.E. 1]**, with the Clerk of the Court utilizing the CM/ECF system, and further certify that I have on this day, served the foregoing document upon the Plaintiff, a *non*-CM/ECF participant via regular United States Mail, first-class postage prepaid, addressed as follows:

Ashlee Inscoe
OPUS #0568587
Nash Correctional Institution
2869 US-64
Nashville, NC 27856
*Pro se plaintiff*

This the 30th day of October, 2023.

/s/John Locke Milholland, IV
John Locke Milholland, IV
Special Deputy Attorney General