IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00243-MR

| | |
|---|---|
| ASHLEE INSCOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| NORTH CAROLINA DEPARTMENT ) | |
| OF ADULT CORRECTIONS, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Consent Motion for Extension of Scheduling Order Deadlines [Doc. 42] and Consent Motion to Seal [Doc. 44].

The incarcerated Plaintiff filed this civil rights action pro se pursuant to 42 U.S.C. § 1983 the Americans with Disabilities Act, and North Carolina law. [Doc. 1]. The Complaint passed initial review against 13 Defendants. [Doc. 6]. On November 7, 2023, the Court entered a Pretrial Order and Case Management Plan that set the discovery deadline as February 27, 2024, made dispositive motions due on March 28, 2024, and appointed counsel to assist the Plaintiff with discovery. [Docs. 28]. North Carolina Prisoner Legal Services accepted the appointment, and the parties have been granted

several extensions of the scheduling deadlines. [See Jan. 9, 2024, Aug. 29, 2024, Oct. 10, 2024 Text-Only Orders]. On October 15, 2024, the Court entered a Protective Order at the Defendants' request. [Doc. 39; see Doc. 37]. On November 8, 2024, the Court extended the deadline to complete discovery until January 13, 2025 and the deadline to file dispositive motions until February 10, 2025. [Nov. 8, 2024 Text-Only Order]. The parties were "strongly cautioned against seeking any further extensions of these deadlines." [Id.].

The Plaintiff filed the instant Consent Motion for Extension of Time on January 13, 2025. [Doc. 42]. The Plaintiff explains that another 45-day extension is needed due to the complexity of the claims, the large number of Defendants, the voluminous discovery productions, and significant unresolved discovery issues that the parties anticipate resolving through ongoing good faith discussions. [Id.]. The Plaintiff has filed discovery documents in support of the Motion for Extension of Time, which she has moved to seal at the Defendants' request because they discuss confidential information under the Protective Order. [Docs. 43, 44].

The Court will grant this final extension of time for good cause shown, based on the unique circumstances of the case. The parties are again

2

Case 1:22-cv-00243-MR   Document 45   Filed 01/17/25   Page 2 of 5

strongly cautioned against seeking any further extensions of these deadlines.

As to the Motion to Seal, there is a "presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed." LCvR 6.1(a); see <u>Rushford v. New Yorker Magazine, Inc.</u>, 846 F.2d 249, 253 (4th Cir. 1988) (First Amendment right to access to court proceedings includes criminal and civil cases). However, a court has authority to seal documents before it based upon the court's inherent supervisory authority over its own files and records. <u>See</u> <u>Nixon v. Warner Commc'ns, Inc.</u>, 435 U.S. 589, 598 (1978). The denial of access to documents under the First Amendment must be necessitated by a compelling government interest that is narrowly tailored to serve that interest. See <u>In re Washington Post Co.</u>, 807 F.2d 383, 390 (4th Cir. 1986); <u>In re State-Record Co., Inc.</u>, 917 F.2d 124, 127 (4th Cir. 1990). Before sealing judicial records, a court must identify the interest that overrides the public's right to an open court, and articulate supporting findings specific enough that a reviewing court can determine whether the order was properly entered. See <u>Press–Enterprise Co. v. Superior Ct. of Ca.</u>, 464 U.S. 501, 510 (1984); LCvR 6.1. When addressing motions to seal, the Court must consider alternatives to sealing and specify whether the sealing is

temporary or permanent and also may redact such orders in its discretion. LCvR 6.1.

The Court has considered alternatives to sealing and finds that the NCDAC's interests in the confidentiality of certain prison records overrides the public's right to an open court in this case, that there is no alternative that will adequately protect these concerns, and that permanently sealing Exhibits 1, 2, and 3 [Doc. 43] to the Plaintiff's Motion for Extension of Scheduling Order Deadlines is warranted.

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's Consent Motion for Extension of Scheduling Order Deadlines [Doc. 42] is **GRANTED**.
2. The parties shall have until February 27, 2025 to complete discovery and until March 27, 2025 to file dispositive motions.  **The parties are again strongly cautioned against seeking any further extensions of these deadlines.**
3. The Plaintiff's Consent Motion to Seal [Doc. 44] is **GRANTED.**
4. The Clerk is respectfully instructed to **PERMANENTLY SEAL** Docket Entry 43.

**IT IS SO ORDERED**.

Signed: January 17, 2025

Martin Reidinger
Chief United States District Judge