# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CIVIL CASE NO. 1:22-cv-00243-MR

ASHLEE INSCOE,                              )
                                            )
        Plaintiff,              )
                                            )
vs.                                         )
                                            )
NORTH CAROLINA DEPARTMENT                   )
OF ADULT CORRECTIONS, et al.,               )    **ORDER**
                                            )
        Defendants.             )
_____           )

**THIS MATTER** is before the Court on the Defendants' Motion for Extension of Page Limit [Doc. 62] and on Motions to Seal filed by the Plaintiff [Doc. 60, 71] and by the Defendants [Doc. 66].

The incarcerated Plaintiff filed this action pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), the Rehabilitation Act ("RA"), and North Carolina law.[1] [Doc. 1]. The Complaint passed initial review against thirteen Defendants. [Doc. 6]. The Plaintiff filed a Motion for Partial Summary Judgment raising three largely overlapping arguments: (1) treating the Plaintiff like a male prisoner violates the Equal Protection Clause of the

---

[1] Although the Plaintiff filed this action *pro se*, the Plaintiff is now represented by counsel. [See Doc. 55].

Fourteenth Amendment; (2) treating the Plaintiff like she is a male prisoner violates the ADA and the RA; and (3) cross-sex strip searches violate the Fourth Amendment.  [Doc. 57-1].  The Plaintiff filed a motion for leave to file an oversize brief of 44 pages in length (inclusive of captions, signatures, and certificates), to which the Defendants consented.  [Doc. 56].  The Court granted the Plaintiff's motion [Text-Only Order entered July 8, 2025], and the Plaintiff filed her brief on July 14, 2025.

All thirteen Defendants filed a single Motion for Summary Judgment on July 21, 2025.  [Doc. 63].  The Defendants seek leave to file a 46-page brief, inclusive of captions, signatures, and certificates, in support of their summary judgment motion.  [Doc. 62].  For grounds, counsel states that additional pages are needed due to the complex nature of the case and the large number of Defendants and issues to be briefed.  The Plaintiff objects, arguing that the Plaintiff only consented to a brief 40 pages in length, and that the Defendants' proposed brief is actually 56 pages in length when it is formatted in 14-point font.  [Doc. 67; see Doc. 28 (Pretrial Order requiring 14-point type)].

The Court finds that the Defendants' request to file an oversize brief of 46 pages, inclusive of captions, signatures, and certificates, is reasonable in the specific circumstances of this case.  The Defendants' motion addresses

numerous legal theories, including a lengthy res judicata argument, specific incidents of abuse and harassment that apply to only certain individual Defendants, and supervisory claims involving a number of prison officials and NCDAC administrators. The Court finds that the interests of efficiency are best served by addressing these groups of Defendants together in an single oversized brief. Accordingly, the Defendants' Motion will be granted. The Defendants will, however, be required to reformat their Memorandum in 14-point type in compliance with the Pretrial Order.[2] [Doc. 28].

As to the Motions to Seal [Docs. 60, 66, 71], there is a "presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed." LCvR 6.1(a); see Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988) (First Amendment right to access to court proceedings includes criminal and civil cases). However, a court has authority to seal documents before it based upon the court's inherent supervisory authority over its own files and records. See Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978). The denial of access to documents under the First Amendment must be necessitated by a compelling government interest that is narrowly tailored to serve that interest.

---

[2] The filing of the reformatted Memorandum will not restart the applicable briefing deadlines.

See In re Washington Post Co., 807 F.2d 383, 390 (4th Cir. 1986); In re State-Record Co., Inc., 917 F.2d 124, 127 (4th Cir. 1990).  Before sealing judicial records, a court must identify the interest that overrides the public's right to an open court, and articulate supporting findings specific enough that a reviewing court can determine whether the order was properly entered. See Press–Enterprise Co. v. Superior Ct. of Ca., 464 U.S. 501, 510 (1984); LCvR 6.1.  When addressing motions to seal, the Court must consider alternatives to sealing and specify whether the sealing is temporary or permanent and also may redact such orders in its discretion.  LCvR 6.1.

Here, the Plaintiff asks the Court to seal several exhibits in support of Plaintiff's Motion for Partial Summary Judgment [Docs. 58-1 through 58-43], and in response to Defendants' Motion for Summary Judgment [Docs. 70-1 through 70-19], because they "contain materials disclosed during discovery that Defendants have designated as 'Confidential' pursuant to the Protective Order."  [Doc. 60 at 1; Doc. 71 at 1; see Doc. 39 (Protective Order)].  The fact that counsel may have designated certain material confidential during discovery, however, does not necessarily require sealing when such material is filed in the record.  See Legal Newsline v. Garlock Sealing Techs. LLC, 518 B.R. 358, 363 (W.D.N.C. 2014) ("Protective orders serve legitimate purposes in both expediting discovery and protecting trade secrets,

4

proprietary information, privileged communications, and personally sensitive data from inadvertent disclosure during the process of discovery; however, the confidentiality afforded under a Protective Order to discovery materials does not automatically extend to documents submitted to the court."). The Plaintiff's Motions to Seal are insufficiently justified and will be denied without prejudice.

The Defendants ask the Court to seal their Memorandum and exhibits in support of summary judgment [Doc. 64; Doc. 64-1 through 64-17; Doc. 65; Doc. 65-1 through 65-11] because they contain or discuss material that is deemed confidential under this Court's Local Rules, North Carolina law and the Protective Order entered in this case, including the Plaintiff's medical records and sensitive prison records. [Doc. 66]. The Defendants also note that several of these exhibits are publicly available. [See, e.g., Doc. 64-1 (NCDAC Offender Public Information printout); Doc. 64-2 (Wake County Civil Case No. 21CVS13401-910 Petition for Writ of Mandamus); 64-3 (Wake County Writ of Mandamus); Doc. 64-4 (Wake County trial transcript)]. The Defendants have failed to explain why the entire Memorandum should be restricted from public access, when it appears that redaction would adequately protect the sensitive and confidential information contained therein. Nor do the Defendants adequately explain why they have moved to

5

seal exhibits that are publicly available.  [See Doc. 66 at 2].  Accordingly, the Defendants' Motion to Seal will also be denied without prejudice.

The Court will instruct the Clerk to keep the subject documents [Docs. 58-1 through 58-43; Doc. 64; Doc. 64-1 through 64-17; Doc. 65; Doc. 65-1 through 65-11] under seal for 14 days, so that the parties may file amended motions to seal.   If the parties renew their respective motions, they must also file redacted versions of the documents that they are seeking to seal or explain why such redaction is not feasible.  If the parties do not renew their respective motions within 14 days, the Court may instruct the Clerk to unseal the subject documents.

**IT IS, THEREFORE, ORDERED** that:

1. The Defendants' Motion for Extension of Page Limit [Doc. 62] is **GRANTED**, and the Defendants shall have leave to file a 46-page brief, inclusive of captions, signatures, and certificates, in support of their summary judgment motion.  Such brief shall be in 14-point type as required by the Pretrial Order.

2. The parties' Motions to Seal [Docs. 60, 66, 71] are **DENIED WITHOUT PREJUDICE**.  The parties shall have fourteen (14) days from the entry of this Order to file amended motions to seal.  If no

such motions are filed, the Court may instruct the Clerk to unseal the subject documents.

**IT IS SO ORDERED**.

Signed: August 18, 2025

Martin Reidinger
Chief United States District Judge