UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

No. 1:22-CV-00243-MR

| | |
|---|---|
| ASHLEE INSCOE,<br><br>      Plaintiff,<br><br>v.<br><br>NORTH CAROLINA DEPARTMENT OF ADULT CORRECTION, *et al.*,<br><br>      Defendants. | PLAINTIFF'S MOTION FOR EMERGENCY TRO AND PRELIMINARY INJUNCTION (Rule 65) |

  Plaintiff Ashlee Inscoe, by and through counsel, respectfully moves for an emergency Temporary Restraining Order ("TRO") and Preliminary Injunction pursuant to Fed. R. Civ. P. 65 to prevent imminent, irreparable harm. Plaintiff is an intersex female currently confined at Nash Correctional Institutution, a men's prison, and faces a substantial risk of sexual assault and serious physical injury.

  On September 3, 2024, Ms. Inscoe reported to prison officials that she was being stalked, threatened, and sexually harassed by Offender Lamarr E. King, OPUS 1221361. Exhibit A. Mr. King is a sexually-violent offender, serving time for seventeen sexual offenses,

1

including five counts of rape. Exhibit B. Ms. Inscoe's grievance report was given the grievance number 3710-2024-3CU-25752 and the PREA incident number 3710-24-244. Exhibit A. An incident during which Mr. King masturbated at Ms. Inscoe was caught on surveillance camera, and it was viewed by multiple prison staff members in August 2024. Exhibit A.

Notwithstanding copious documentation of Ms. Inscoe's complaints (which was produced in discovery Bates 004893-004914) and the strict requirements regarding the type of investigation mandated by the Prison Rape Elimination Act (PREA), prison defendants failed to turn over any investigation reports, witness statements, or the camera footage from the incident in discovery. D.E. 47 at 19; 47-1 at ¶7. Instead, Defendant's counsel swore that all supplementation of PREA investigations was complete. D.E. 51-1 at 9. Defendants' brief in response to the motion to compel all of the PREA investigation reports, including the August/September 2024 King report, states: "Defendants simply cannot produce what does not exist." D.E. 51 at 8.

Around February 2025, Mr. King was transferred to another prison. But on February 12, 2026, Mr. King returned to Nash

2

Correctional. Exhibit B. He immediately resumed stalking and threatening Ms. Inscoe. Exhibit C. The warden and counsel were put on notice of the threat. Exhibit D.

Defendants have failed to take reasonable measures to protect Plaintiff, in violation of the Eighth Amendment. Plaintiff requests an order requiring Defendants immediately to implement narrowly tailored protective measures to protect Plaintiff and provide safe housing pending adjudication, including removing King from contact with her, ensuring Ms. Inscoe does not suffer any punitive housing conditions as a result of being victimized by these incidents, and moving Ms. Inscoe to a women's prison facility. This Motion is supported by the attached Declaration of Plaintiff and exhibits, the pleadings, and a memorandum of law.

Plaintiff respectfully requests the Court:

1. Issue a TRO ordering Defendants, effective immediately, to:

    - Separate King from Plaintiff and prohibit all contact;
    - Place Plaintiff in a female prison facility;
    - Keep Plaintiff in general population, i.e., *not* place Plaintiff in punitive housing/protective custody/lock-up/restrictive housing or administrative segregation, etc.;

- Ensure Plaintiff has safe access to showers, the medicine line, common areas, and meals without exposure to aggressors;
- Prohibit retaliation for reporting risk, seeking PREA protections, or filing this action; and
- Preserve and <u>produce</u> relevant evidence (logs, PREA investigation reports, video surveillance camera footage).

2. Set an expedited hearing on a preliminary injunction at the earliest practicable date and order Defendants to show cause why a preliminary injunction should not issue.

3. Grant any further relief the Court deems just and proper.

## Rule 65(b) Notice / Certification

Plaintiff seeks a TRO with notice. On February 20, 2026, around 3:30 pm, Plaintiff provided notice to Defendants by email to their Counsel and requested expedited response. A TRO is still necessary because harm is imminent and cannot await ordinary briefing.

Respectfully submitted on February 20, 2026,

<u>/s/Elizabeth Guild Simpson</u>
Elizabeth Guild Simpson
N.C. Bar No. 41596
EMANCIPATE NC
P.O. Box 309
Durham, NC 27702
919-682-1149
elizabeth@emancipatenc.org

*Counsel for Plaintiff*

4

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

<u>/s/Elizabeth Guild Simpson</u>
Elizabeth Guild Simpson
