UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
FILE No. 1:22-CV-00243-MR

| | | |
|---|---|---|
| ASHLEE INSCOE, | ) | |
| | ) | |
| Plaintiff, | ) | **DEFENDANTS'** |
| | ) | **MEMORANDUM OF LAW IN** |
| v. | ) | **SUPPORT OF MOTION TO** |
| | ) | **SEAL EX PARTE AND FOR** |
| NORTH CAROLINA | ) | **IN CAMERA REVIEW** |
| DEPARTMENT OF ADULT | ) | |
| CORRECTIONS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Defendants submit their Memorandum of Law in support of their Motion to
have attorney-client confidential communications and work product filed ex parte
under seal and reviewed in camera. In support, Defendants show as follows:

## I.     STATEMENT OF THE CASE AND FACTS

On February 25, 2026, Plaintiff moved for spoliation and discovery sanctions
for missing PREA documents. DE-83. On March 2, 2026, Defendants replied
acknowledging a reasonable misunderstanding as to where pertinent documents
would be found. DE-84.  On March 16, 2026, this Court ordered Defendants to
produce:

> All emails/correspondence between NCDOJ/former defense
> counsel and NCDAC (including prison wardens and Charlotte
> Jordan Williams) regarding the Plaintiff's discovery requests for
> PREA materials; and

All emails/correspondence between NCDOJ/ present defense counsel and NCDAC (including prison wardens and Charlotte Jordan Williams) regarding the Plaintiff's February 2025 requests for outstanding PREA documents.

DE-87. Charlotte Williams and the Department of Adult Correction are Defendants in this action represented by the Undersigned. DE-1. This Court therefore requires Undersigned to produce attorney-client communications. As demonstrated more fully below, the requests also includes privileged attorney work product.

## II.  STANDARD OF REVIEW

There is a presumption under applicable common law and the First Amendment that to further openness in civil case proceedings, materials filed in this Court will be filed unsealed. L.Cv.R. 6.1. "This Rule governs any party's request to seal, or otherwise restrict public access to, any materials filed with the Court or used in connection with judicial decision- making." *Id.* Materials may only be filed under seal by court order, pursuant to statute, or in accordance with a previously entered Rule 26(e) protective order. *Id*.

"Public access to judicial records 'is necessary in the long run so that the public can judge the product of the courts in a given case.'" *Burd v. Ford Motor Co.*, 3:13-cv-20976, 2015 U.S. Dist. LEXIS 49308, *3, 2015 WL 1781945 (S.D.W.V. Apr. 15, 2015) *quoting Columbus-America Discovery Group v. Atlantic Mut. Ins. Co.*, 203 F.3d 291, 303 (4th Cir. 2000). Public access derives from the First

2

Amendment and common law. *Id.*, at *4 *citing Stone v. University of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). The First Amendment right has only been extended to certain judicial records and documents, such as summary judgment materials. *Stone*, at 180. The common law presumes a public right to all judicial records and documents (*Burd*, at *4), rebutted "if countervailing interests heavily outweigh the public interests in access." *Rushford v. New Yorker Magazine, Inc.*, 846 F2d 249, 253 (4th Cir. 1988).

When materials sought to be sealed are not judicial records, such as for discovery related matters, sealing is appropriate under a showing of good cause. *Burd v. Ford Motor Co.*, 3:13-cv-20976, 2015 U.S. Dist. LEXIS 49308, *6, 2015 WL 1781945 (S.D.W.V. Apr. 15, 2015) *citing Pintos v. Pacific Creditors Ass'n.*, 565 F.3d 1106, 1115 (9th Cir. 2009); *Kinetic Concepts, Inc. v. Convatec, Inc.*, 2010 U.S. Dist. LEXIS 32940, *27, 2010 WL 1418312 (M.D.N.C. April 2, 2010).

When determining whether to apply the good cause test or the competing interest test, the first inquiry is whether the materials are "judicial documents and records." *Stone*, at *180. "Although the Fourth Circuit has not explicitly resolved the question of whether discovery motions and materials attached to discovery motions are judicial records, the Court has stated that the right of public access to judicial records attaches only when the records 'play a role in the adjudicative

process, or adjudicate substantive rights.'" *Burd*, at *5 *quoting In re Application for an Order Pursuant to 18 U.S.C. Section 2703(d),* 707 F.3d 283, 290 (4th Cir. 2013). The Fourth Circuit, in an unpublished opinion, joined other courts in "hold[ing] that the mere filing of a document with a court does not render the document judicial." *In re Policy Mgt. Sys. Corp.*, 67 F.3d 296, 1995 WL 541623, at *4 (4th Cir. Sept. 13, 1995) (unpublished) (citing *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). "'Because discovery motions ... involve procedural rather than 'substantive' rights of the litigants, the reasoning of *In re Policy Management* supports the view that no public right of access applies [to discovery motions].'" *Burd*, at *5-6 *quoting Kinetic Concepts, Inc.*, 2010 U.S. Dist. LEXIS 32940, 2010 WL 1418312, at *9, compiling cases: *In re Providence Journal Com.*, 293 F.3d 1, 9 (1st Cir. 2002); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.,* 263 F.3d 1304, 1312 (11th Cir. 2001); *United States v. El-Sayegh*, 131 F.3d 158, 163, 327 U.S. App. D.C. 308 (D.C. Cir. 1997); *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3rd Cir. 1993); compare *Eshelman v. Puma Biotechnology, Inc.*, No. 7:16-CV-18-D, 2017 U.S. Dist. LEXIS 123842, at *4-5 (E.D.N.C. Aug. 7, 2017) (applying competing interest test).

Here, when materials are not judicial records, the court considering a motion to seal applies the "good cause" standard set forth in Fed. R. Civ. P. 26(c). *Burd*,

2015 U.S. Dist. Lexis, at *6; *Pintos*., 565 F.3d, at 1115.

If deemed judicial records, then under the competing interest test, the moving party bears the burden of showing the presumption is outweighed by a significant interest. *Rushford*, at *4-5. Factors to consider "include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *In re Knight Publ. Co.,* 743 F.2d 231, 235 (4th Cir 1984).

### III.  <u>ARGUMENT</u>

The documents should be sealed after the Court's in camera review under either test. Good cause and the significant interest exist in preserving the sanctity of attorney-client communications. "The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law." *Upjohn v. United States*, 449 U.S. 383, 389 (1981). The privilege exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable the giving of sound and informed advice. *Id.* Additionally, NCDOJ attorney/paralegal team correspondence about the request to compile documents in anticipation of litigation is work product, protected under

5

Rule 26(b)(3). This rule safeguards documents and communications prepared "in anticipation of litigation" by the attorney or by the client "at the attorney's direction."

The purpose of the attorney-client privilege "is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Id*.

The privilege exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice. *Id.*, at 390. *Citing Trammel v. United States, 445 U.S. 40, 51 (1980).*

"The importance of preserving the attorney-client privilege cannot be overvalued[,] '[t]he attorney-client privilege is one of the oldest recognized privileges for confidential communications.'" *Burd*, at *7 quoting *Swidler & Berlin v. United States*, 524 U.S. 399, 403, 118 S.Ct. 2081, 141 L.Ed.2d 379 (1998). "The privilege is intended to encourage 'full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and the administration of justice.'" *Swidler & Berlin*, 524 U.S. at 403 (quoting *Upjohn Co. v. United States*, 449 U.S. 383, 389, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981)). "Nonetheless, it is clear that the privilege 'may also be extended to

6

protect communications by the lawyer to his client, agents, or superiors or to other lawyers in the case of joint representation, if those communications reveal confidential client communications.'" United States ex rel. Thomas v. *Duke Univ*, 2018 U.S. Dist. Lexis 150001, *17, 2018 WL 4211375 (M.D.N.C. Sep. 4, 2018) *quoting United States v. Under Seal*, 748 F.2d 871, 874 (4th Cir. 1984).

Additionally, emails and communications in which an attorney or paralegal instructs a client to gather and submit documents in response to opposing counsel's discovery requests are attorney work product under Federal Rule of Civil Procedure 26(b)(3). Prepared in anticipation of litigation, these communications reveal counsel's assessment of what is relevant, how information should be organized, and strategy for disclosure. Courts recognize that such directives from counsel and paralegals tend to reflect litigation strategy and internal analysis, and thus warrant protection. For example, "documents created and sent from in house counsel to employees of defendants to convey specific legal advice on document preservation in this litigation are protected by the attorney-client privilege or work product doctrine." *Proa v. NRT Mid-Atlantic, Inc.*, No. AMD-05-2157, 2008 U.S. Dist. LEXIS 129572, at *69-70 (D. Md. June 20, 2008). Requiring disclosure of these communications would risk exposing counsel's legal preparations and strategy—the very harm the work product doctrine is meant to prevent. Therefore, sealing is

7

necessary and properly tailored to maintain the integrity of work product protections.

Courts generally accept a claim of privilege as capable of overriding the presumption of public access and thereby justifying redaction of documents. *Duke Univ.*, 2018 U.S. Dist. Lexis, at \*16 *citing by way of  example: Siedle v. Putnam Invs., Inc.*, 147 F.3d 7, 11 (1st Cir. 1998); *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1073 (3d Cir. 1984); *Hanson v. Wells Fargo Home Mortg., Inc.*, No. C13-0939, 2013 U.S. Dist. LEXIS 149752, 2013 WL 5674997, at \*3 (W.D. Wash. Oct. 17, 2013); *Travelers Prop. Cas. Co. of Am. v. Centex Homes*, No. 11-3638, 2013 U.S. Dist. LEXIS 26241, 2013 WL 707918, at \*1 (N.D. Cal. Feb. 26, 2013); *Armstrong v. Kennedy Krieger Inst., Inc.*, No. WDQ-11-3380, 2012 U.S. Dist. LEXIS 60383, 2012 WL 1554643, at \*6 (D. Md. Apr. 30, 2012).

For these reasons, the Court should seal the emails and related communications exchanged between counsel, the paralegal team, and the client concerning the collection and transmission of documents for discovery. These communications are protected attorney work product because they were created at counsel's direction in anticipation or as part of litigation and necessarily reflect counsel's strategic judgment about the scope, relevance, and organization of the evidence to be gathered. They are also independently protected by the attorney–client privilege, as they constitute confidential communications between the client

and the legal team for the purpose of obtaining legal advice and responding to formal discovery obligations. Requiring public disclosure of these materials would undermine both protections by exposing counsel's litigation strategy and internal legal analysis. No narrower alternative, such as partial disclosure or redaction, can safeguard the privileged and work-product content embedded throughout these communications. Accordingly, sealing is both necessary and narrowly tailored to preserve the confidentiality that the law affords to these materials.

## IV. <u>CONCLUSION</u>

For the forgoing, Defendants' motion to seal exhibits to the Response to DE-88 should be granted.

This the 30th day of March, 2026.

**JEFF JACKSON**
**ATTORNEY GENERAL**

<u>/s/ J. Locke Milholland, IV</u>
J. Locke Milholland, IV
Special Deputy Attorney General
N.C. State Bar No. 35449
N.C. Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602-0629
Telephone: (919) 716-6545
Fax: (919) 716-6761
E-mail: jmilholland@ncdoj.gov

9

## CERTIFICATION OF NO ARTIFICIAL INTELLIGENCE USED IN PREPARATION OF FILING

No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexus, FastCase, and Bloomberg;

Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This, the 30th day of March, 2026.

/s/J. Locke Milholland, IV
J. Locke Milholland, IV
Special Deputy Attorney General

10

# CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing with the Clerk of the Court utilizing the CM/ECF system, and have served the Plaintiff, a *non* CM/ECF participant via regular United States Mail, first-class, postage prepaid, addressed as follows:

Elizabeth Simpson
N.C. Bar No. 41596
EMANCIPATE NC
P.O. Box 309
Durham, NC 27702
919-682-1149
elizabeth@emancipatenc.org
*Counsel for Plaintiff*

This the 30th day of March, 2026.

/s/J. Locke Milholland, IV
J. Locke Milholland, IV
Special Deputy Attorney General

11