# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## No. 1:22-CV-00243-MR

| | |
|---|---|
| **ASHLEE INSCOE,**<br><br>Plaintiff,<br><br>v.<br><br>**NORTH CAROLINA DEPARTMENT OF ADULT CORRECTION,** *et al.,*<br><br>Defendants. | **CONSENT MOTION FOR ADMINISTRATIVE STAY OF SURREPLY DEADLINE** |

Plaintiff Ashlee Inscoe ("Ms. Inscoe"), by and through counsel, hereby moves for a consent administrative stay of the deadline for filing a surreply to the Motion for Spoliation Sanctions (D.E. 83). She seeks seven days after the Defendants' motion to seal (D.E. 90) is granted, or if it is denied, seven days after the documents are unsealed and viewable.

In support thereof, she states the following:

1. On February 25, 2026, Plaintiff filed a Motion for Spoliation Sanctions and supporting memorandum and exhibits (D.E. 83 *et*

*seq*.), regarding Defendants' failure to produce certain PREA-related documents following a deficiency letter, conferral period, and motion to compel about the documents. (D.E. 46.)

2. On March 11, 2026, Defendants filed a response in opposition to the Motion for Spoliation Sanctions (D.E. 86) with a supporting declaration by DAC PREA Director Charlotte Jordan Williams (D.E. 86-2). Defendants also relied upon a declaration by Defendants' counsel (D.E. 84-4) filed on March 2, 2026, in connection with their opposition to the Motion for Preliminary Injunction. (D.E. 82.) Defendants' counsel's declaration asserted that the non-production of the requested PREA documents was a "reasonable misunderstanding." (D.E. 84-4 at para. 12.)

3. On March 16, 2026, the Court, *sua sponte*, ordered Defendants and Defendants' counsel to produce emails/correspondence "between NCDOJ/former defense counsel counsel and NCDAC" about this discovery issue, and permitting Plaintiff to file a "surreply within seven days of the documents' filing." (D.E. 87.)

4. On March 30, 2026, Defendants filed those documents under seal. (D.E. 88-91.) Plaintiff objected to the sealing of the documents,

because it would prejudice her ability to assess and argue about the reasonableness of Defendants' discovery violations.

5. Plaintiff plans to file a response in opposition to the Motion to Seal, within the standard fourteen-day deadline.

6. In the meantime, Plaintiff respectfully requests an administrative stay of the deadline for her surreply to the Motion for Spoliation Sanctions (D.E. 83), until seven days after the sealing issue is fully resolved. She seeks seven days after the Defendants' motion to seal is granted, or if it is denied, seven days after the documents are unsealed and viewable by Plaintiff's counsel.

7. Defendants consent to this administrative stay.

Respectfully submitted on March 31, 2026.

/s/ Elizabeth Guild Simpson
Elizabeth Guild Simpson
N.C. Bar No. 41596
EMANCIPATE NC
P.O. Box 309
Durham, NC 27702
919-682-1149
elizabeth@emancipatenc.org

*Counsel for Plaintiff*

3

# CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Elizabeth Guild Simpson
Elizabeth Guild Simpson
N.C. Bar No. 41596
EMANCIPATE NC
P.O. Box 309
Durham, NC 27702
919-682-1149
elizabeth@emancipatenc.org

*Counsel for Plaintiff*