# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

### No. 1:22-CV-00243-MR

| | |
|---|---|
| ASHLEE INSCOE,<br><br>    Plaintiff,<br><br>v.<br><br>NORTH CAROLINA DEPARTMENT OF ADULT CORRECTION, *et al.*,<br><br>    Defendants | **PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO MOTION FOR SPOLIATION SANCTIONS** |

In Response to Plaintiff's Motion for Spoliation Sanctions (D.E. 83), Defendants admit that at least eight PREA reports exist that were not produced during the discovery period, not produced in response to a deficiency letter that specifically requested them, not produced after the pre-Motion to Compel conferral process, and not produced in response to Plaintiff's Motion to Compel (D.E. 86). The Court, *sua sponte*, ordered Defendants to produce emails between Defendants' counsel and the Defendants about this issue, granting Plaintiff seven days after the emails were produced to file a surreply. (D.E. 87.) Defendants filed their emails under seal on March 30, 2026. (D.E. 90.) Plaintiff objected to the sealing, and sought a consent stay of deadlines until the sealing

1

question was addressed. (D.E. 92.) No stay was entered, and so, Plaintiff replies here.

## I. <u>**TIMELINE OF EVENTS**</u>

For the ease of the court, Plaintiff summarizes the ongoing discovery dispute about PREA investigation records, chronologically.

- **<u>January 16, 2025:</u>** PLS sends deficiency letter to Defendants.

- **<u>February 11, 2025:</u>** Defendants' counsel contacts Defendant Williams about additional PREA records.[1] (D.E. 88.) The PREA director indicated to counsel that other documents may be at the facility. (D.E. 84-4.)

- **<u>February 27, 2025:</u>** PLS files motion to compel. (D.E. 46.)

- **<u>March 13, 2025:</u>** Defendants respond. (D.E. 51.)

- **<u>March 30, 2025:</u>** PLS files reply, asking for a certification that "all Plaintiffs PREA records from July 20, 2017 to present ha[d] been produced," and that Defendants had actually "searched for records of each of the fourteen investigations referenced in discovery, and produced all records that can be found after a reasonably diligent search." Plaintiff asked the Court to order Defendants counsel to "inquire with the employees tasked with PREA Compliance at Harnett, Nash, and Avery-Mitchell Correctional Institutions to recover these investigation records." (D.E. 52 at p. 9-10.)

- **<u>April 9, 2025:</u>** Court issues an order specifically relying on Defendants' counsel's claim that "[a]ll documents have been supplemented," and noted that a certification made "without substantial justification would require the imposition of

---

[1] Williams states that she was "under the impression that counsel for Defendants was only seeking the records maintained by the PREA office." (D.E. 84-5 at Paragraph 3.) It is unclear how this impression was formed.

appropriate sanctions on the signed, on the party on whose behalf the signer was acting, or both" under Rule 26. (D.E. 53 at 9-10.)

- **July 25, 2025:** Plaintiff files a motion for partial summary judgment, dropping a footnote to remind the Court that Defendants failed to produce reports of at least eight PREA incidents. (D.E. 57-1. at note 6.)

- **August 4, 2025:** In Plaintiff's response in opposition to Defendants' motion for summary judgment, she argues that Defendants' assertions about her sexual safety at Nash Correctional are unreliable given the Defendants' failure to produce investigation records of any of her PREA reports at Nash Correctional. (D.E. 69 at 5.)

- **February 20, 2026:** Plaintiff files a Motion for a Temporary Restraining Order, due to experiencing active threats of physical and sexual violence from a past abuser, Lamarr King. In violation of PREA regulations and DAC policy, DAC transferred the abuser back into the same prison as Plaintiff, despite the fact that he was substantiated[2] as a perpetrator in a PREA report by Plaintiff, made in September 2024. (D.E. 82.) This specific investigation report was sought in PLS's deficiency letter and in PLS's Motion to Compel, but has never yet been produced.

---

[2] Defendants' counsel seeks to undermine the importance of the missing records and unfairly maligns Plaintiff's credibility by asserting that she has "recanted" some PREA reports and that some PREA reports have been "unsubstantiated." (D.E. 86.) Plaintiff was pressured to recant a PREA report at Avery-Mitchell because she was threatened with solitary confinement if she refused to do so. (D.E. 69.) Second, a PREA report that is "not substantiated" is substantively different from a report that was "unfounded." DAC PREA policy provides:

**Substantiated Allegation:** An allegation that was investigated and determined to have occurred.
**Unfounded Allegation:** An allegation that was investigated and determined not to have occurred.
**Unsubstantiated Allegation:** An allegation that was investigated and the investigation produced insufficient evidence to make a final determination as to whether or not the event occurred. (D.E. 83-5.)

3

- **February 25, 2026:** Plaintiff's counsel filed the instant motion seeking spoliation sanctions under Rule 37(e)(1-2), or, in the alternative, seeking appropriate sanctions and attorneys fees under Rule 26(g), Rule 37, or through the Court's inherent authority. (D.E. 83.)

- **March 2, 2026:** Defendants' counsel admitted that there exist additional responsive PREA documents in possession of DAC. (D.E. 84-4.) (None of these documents have yet been produced to Plaintiff.)

- **March 16, 2026:** Court orders Defendants to turn over emails between counsel and Williams, and grants Plaintiff seven days following the production to file a surreply. (D.E. 87.)

- **March 30, 2026:** Defendant files the emails under seal. (D.E. 88-91.)

- **March 31, 2026:** Plaintiff objects to the sealing and seeks a consent stay of deadlines for her surreply. (D.E. 92.)

- **April 6, 2026:** With no stay entered, Plaintiff files that surreply here.

## II.  LIMITED RE-OPENING OF DISCOVERY

Plaintiff respectfully requests a limited reopening of discovery to ensure that the full set of PREA incident reports and related records are eventually produced,[3] and to allow for a deposition of Defendant Charlotte Jordan Williams. This narrowly-tailored reopening of discovery is necessitated by Defendants' failure to conduct a reasonable

---

[3] As of April 6, 2026, Plaintiff continues to await production of the newly-identified PREA records.

inquiry during the discovery period, failure to conduct a reasonable inquiry in response to Plaintiff's Motion to Compel, and Defendants' counsel's inaccurate certification that "All documents have been supplemented." (D.E. 51.)

Reopening discovery pursuant to Rules 16(b), 26(g), and/or 37(c), will allow Plaintiff to evaluate additional records, ensure completeness, and preserve the integrity of further proceedings without imposing undue burden on Defendants.

## II.   ATTORNEYS' FEES FOR INSTANT MOTION

Plaintiff is entitled to attorney's fees in the present motion, which may be awarded under Rule 26(g) or 37(c)(1).[4]

As the Court reminded the parties in its Order on the Motion to Compel (D.E. 53 at p. 10), Rule 26(g)(1) requires parties, or their attorneys, to certify that their responses to discovery matters are "complete and correct" "to the best of the person's knowledge, information, and belief formed after a reasonable inquiry." When an

---

[4] With regard to conferral, Plaintiff engaged in a meet-and-confer process ahead of the Motion to Compel. (D.E. 46.) Where Plaintiff identified specific missing documents that were highly relevant to her claims about the notice of risk to Defendants and her ongoing risks of sexual harm, and where Defendant claimed vehemently that all PREA documents had been supplemented with nothing more to produce, the parties' positions were clear. Plaintiff filed the Motion for Spoliation Sanctions (D.E. 83) as part-and-parcel of that ongoing dispute.

5

attorney or a party "violates this rule without substantial justification," Rule 26(g) states that "the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation."

Based on Defendants' recent filings, it is now apparent that Defendants' counsel made a false certification that the PREA discovery production was fully supplemented. The certification was unreasonable, given that PREA Director Williams specifically informed counsel that additional PREA documents may be at the facilities, and indeed, additional documents were actually stored at the facilities. *See* Decl. of Milholland, D.E. 84-4 at para. 8; *see also* Decl. of Williams, 84-5, Decl. of Williams, D.E. 86-2; *compare* D.E. 51-1 at 9 *with* D.E. 84-4; 84 at 6-9.

Seeking PREA documents directly from the facilities was common sense given that according to PREA policy, the <u>facility</u> is the place where PREA reports are investigated and therefore, reasonably, it is the place where documentation is created in the first instance. *See* D.E. 83-5, DAC PREA Policy ("Allegations involving offender on offender incidents are investigated by facility SAH investigators.") Furthermore,

6

PLS specifically requested that Defendants look for the documents <u>at the facilities</u>. (D.E. 51 at p. 9-10.)

Due to Defendants' counsel's sworn declaration that all documents had been produced, Plaintiff understood that the remaining PREA reports must have been destroyed, and therefore filed the instant motion for spoliation under Rule 37(e)(1-2). Now, Plaintiff seeks attorneys' fees for the instant motion under 26(g), as well as any other 26(g) sanctions deemed appropriate by the Court. In the alternative, under Rule 37(c)(1), the court may order payment of the reasonable expenses, including attorney's fees, caused by a party's failure to disclose or supplement their discovery responses.

### III.   ATTORNEYS' FEES FOR PLAINTIFF'S MOTION TO COMPEL

Plaintiff respectfully requests that the court revisit its prior decision to decline to award reasonable attorneys' fees for Plaintiff's Motion to Compel. On April 9, 2025, the court granted the motion in part and denied the motion in part, and declined to award fees as discretionary in accordance with Rule 37(a)(5)(C). (D.E. 53.) However, based on the information Defendants have provided since that time, the situation has changed.

# CONCLUSION

In sum, Plaintiff respectfully requests that the court:

1. Reopen discovery related to PREA records, and for a deposition of Defendant Charlotte Jordan Williams.

2. Impose appropriate sanctions on Defendant DAC and/or Defendants' Counsel under Rule 26(g), including, but not limited to, reasonable attorneys' fees for Plaintiff's motion for spoliation sanctions.

3. Alternatively, provide relief under Rule 37(c)(1), including, but not limited to, reasonable attorneys' fees for Plaintiff's motion for spoliation sanctions.

4. Provide relief under Rule 37(a)(5), including, but not limited to, reasonable attorneys' fees for the motion to compel.

5. Should the Court determine that attorney fees are warranted, Plaintiff requests leave to submit billing records and supporting declarations establishing the reasonable amount of those fees.

6. Grant all other relief the court deems just and proper.

Respectfully submitted on April 6, 2026,

/s/Elizabeth Guild Simpson
Elizabeth Guild Simpson
N.C. Bar No. 41596
EMANCIPATE NC
P.O. Box 309
Durham, NC 27702
919-682-1149
elizabeth@emancipatenc.org

*Counsel for Plaintiff*

9

# AI CERTIFICATION

1. The undersigned counsel hereby certifies as follows.

2. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

3. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

## CERTIFICATION OF COMPLIANCE

I certify that, excluding the caption, signature block, and certificates of service and compliance, this brief does not exceed the 10-page limit prescribed by the Judge's Standing Order.

Respectfully submitted on April 6, 2026.

/s/Elizabeth Guild Simpson
Elizabeth Guild Simpson

10

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

<u>/s/Elizabeth Guild Simpson</u>
Elizabeth Guild Simpson

11