# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CIVIL CASE NO. 1:22-cv-00243-MR

| | | |
|---|---|---|
| **ASHLEE INSCOE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM OF** |
| **vs.** | ) | **DECISION AND ORDER** |
| | ) | |
| **NORTH CAROLINA DEPARTMENT** | ) | |
| **OF ADULT CORRECTIONS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Partial Summary Judgment [Doc. 57], the Defendants' Motion for Summary Judgment [Doc. 63], the Plaintiff's Motion for Emergency TRO and Preliminary Injunction [Doc. 82], the Plaintiff's Motion for Spoliation Sanctions [Doc. 83], the Defendant's Motion to Seal Ex Parte and for In Camera Review [Doc. 90], and the parties' Consent Motion for Administrative Stay of Surreply Deadline [Doc. 92].

## I.    BACKGROUND

On November 14, 2022, the Plaintiff, a state prisoner incarcerated in North Carolina, initiated this action for alleged civil rights violations suffered during the course of incarceration.  [Doc. 1-1].   The Plaintiff asserts being

an intersex woman who has been housed in men's prison facilities, and alleges various forms of discrimination, harassment, and unequal protection of the law related to the status of being an intersex woman. [Id.]. On July 14, 2025, the Plaintiff moved for partial summary judgment. [Doc. 57]. On July 21, 2025, the Defendants moved for summary judgment. [Doc. 63]. Both summary judgment motions have been fully briefed. [Docs. 57-58, 63-65, 69-70, 74-76, 78].

On February 20, 2026, the Plaintiff filed a motion for a temporary restraining order ("TRO") or preliminary injunction seeking an Order that would require the Plaintiff to be separated from a prisoner whom Plaintiff had previously reported to prison officials for stalking, threats, and harassment. [Doc. 82]. The Defendants filed a Response on March 6, 2026, [Doc. 84], and the Plaintiff filed a Reply on March 6, 2026, [Doc. 85].

On February 25, 2026, the Plaintiff filed a motion for spoliation sanctions regarding the Defendant's failure to produce records related to eight Prison Rape Elimination Act ("PREA") investigations of incidents involving the Plaintiff. [Doc. 83]. The Defendants filed a Response on March 11, 2026. [Doc. 86]. On March 16, 2026, upon review of the Defendants' Response, the Court entered an Order requiring the Defendants to supplement their Response by filing certain correspondence from counsel

2

for the Defendants regarding the Plaintiff's discovery requests.  [Doc. 87].  The Court also provided for the Plaintiff to file a surreply to the Defendants' supplemental filing.  [Id. at 2].  On March 30, 2026, the Defendants filed a Response to the Court's Order. [Doc. 88].  The Defendants also filed, under seal ex parte for in camera review, the correspondence required by the Court, as well as a corresponding motion to seal.  [Docs. 89-91].  On March 31, 2026, the parties filed a consent motion to stay the Plaintiff's surreply deadline pending resolution of the Defendants' motion to seal, even though the Plaintiff opposed the Motion to Seal.  [Doc. 92].  On April 6, 2026, the Plaintiff filed a Reply in support of her motion for spoliation sanctions.  [Doc. 93].  On April 13, 2026, the Plaintiff filed a Response in opposition to the Defendants' motion to seal.  [Doc. 94].  The Defendants have not filed a Reply in support of their motion to seal, and the time period within which to do so has long since expired.  Accordingly, the instant motions are ripe for disposition.

## II.    DISCUSSION

### A.    Motion for Sanctions

In Shaw v. Foreman, No. 24-7015, 2026 WL 159766 (4th Cir. June 4, 2026), the Fourth Circuit recently held that when the evidence at issue in a motion for sanctions based on spoliation is significant to the merits of an

3

issue, a district court may abuse its discretion "by granting summary judgment without considering the sanctions motion." Id. at *3. In light of Shaw, the Court herein considers the Plaintiff's motions for sanctions based on spoliation before considering the Defendant's motion for summary judgment.

As a preliminary matter, the Court notes that the Plaintiff's counsel failed to confer or attempt to confer prior to filing the instant motion for spoliation sanctions. See [Doc. 83 at 1-2]; see also [Doc. 86 at 12]. The Plaintiff appears to contend that prior conferrals regarding a previously-filed motion to compel in this matter were sufficient because "the parties' positions were clear" and because the Plaintiff filed the motion for spoliation sanctions "as part-and-parcel of [the] ongoing dispute" regarding the Plaintiff's motion to compel. [Doc. 93 at 5 n.4]. The Plaintiff's argument, however, founders on this Court's Local Civil Rules, which provide that "[a] motion that fails to show that the parties have properly conferred or attempted to confer may be summarily denied," and which do not provide an exception to that requirement based on prior conferrals regarding prior motions. LCvR 7.1(b). The conferral requirement is particularly apt under the present circumstances, as the Plaintiff's present counsel was not counsel for the Plaintiff at the time the prior conferrals occurred. [Doc. 86 at 12]; see also

4

[Doc. 55].[1]  Although the Court may summarily deny the Plaintiff's motion for sanctions for failure to confer, the Court will nevertheless address the motion on the merits.  The Court will, however, direct counsel for the Plaintiff to ensure compliance with the rules regarding consultation for all future filings.

"Spoliation refers to the destruction or material alteration of evidence or to the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation."  Silvestri v. General Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001) (citations omitted).  The spoliation of evidence may give rise to court-imposed sanctions deriving from a court's inherent power to control the judicial process and litigation.  Id.  However, "acts of spoliation do not themselves give rise in civil cases to substantive claims or defenses."  Id.

A party seeking sanctions for spoliation must prove the following elements:

> (1) [T]he party having control over the evidence had an obligation to preserve it when it was destroyed or altered; (2) the destruction or loss was accompanied by a "culpable state of mind;" and (3) the evidence that was destroyed or altered was "relevant" to the claims or defenses of the party that sought the discovery of the spoliated evidence, to the extent that

---

[1] Conferral is also central to motions practice under Rule 37 of the Federal Rules of Civil Procedure, which twice sets expectations that parties will confer in good faith regarding discovery matters.  See Fed. R. Civ. P. 37(a)(1), (d)(1)(B).  While Rule 37(e), under which the Plaintiff moved for sanctions, does not expressly contain a similar requirement, the good faith conferral is critical to efficient discovery practice.

> a reasonable factfinder could conclude that the lost evidence would have supported the claims or defenses of the party that sought it.

Goodman v. Praxair Services, Inc., 632 F.Supp.2d 494, 509 (2009) (quoting Thompson v. U.S. Dep't of Housing & Urban Dev., 219 F.R.D. 93, 100 (D. Md. 2003)).  Where, as here, a motion for sanctions arises under Rule 37(e), the Court, "upon finding prejudice to another party from the loss of the information, may order measures no greater than necessary to cure the prejudice."  Fed. R. Civ. P. 37(e)(1).  If, and only if, a "party acted with the intent to deprive another party of the information's use in the litigation," the Court may presume, and instruct the jury that it must presume, that "the information was unfavorable to the party," or "dismiss the action or enter a default judgment."  Fed. R. Civ. P. 37(e)(2).

Here, the Plaintiff's motion for spoliation sanctions arises from the Defendants' failure to produce incident reports or records for eight PREA investigations of incidents involving the Plaintiff.  [Doc. 83-1 at 5].  The Plaintiff previously moved to compel the production of these documents, [Doc. 46], and the Court granted in part and denied in part the Plaintiff's motion. [Doc. 47].  The Plaintiff represents that documents produced by the Defendants both before and after the disposition of the Plaintiff's motion to

6

compel indicate that additional investigation records should exist, but such records were nevertheless not produced.  [Id. at 5-6].

The Defendants do not dispute that they failed to produce the documents but instead contend that their failure to produce them earlier was "due to a reasonable misunderstanding."  [Doc. 86 at 1].  Counsel for the Defendants represents that he misunderstood how and where PREA records were maintained and, as a result, mistakenly believed that the Defendants had produced all of the available documents that were responsive to the Plaintiff's request.  [Id. at 5-6].  Specifically, counsel for the Defendants misunderstood that there are responsive PREA documents that are maintained by individual prison facilities that are not maintained by the state's central PREA office.  [Id.].  Counsel for the Defendants further represents that he has initiated a supplemental collection of records, and "nearly all" of the relevant PREA documents have now been collected and are in the process of being produced.  [Id. at 6-7].

In the interim, Plaintiff's request has been narrowed to "a limited reopening discovery to ensure that the full set of PREA incident reports and related records are eventually produced, and to allow for a deposition of Defendant Charlotte Jordan Williams," the state PREA director.  [Doc. 93 at 4 & n.3].  For grounds, the Plaintiff contends that reopening discovery is

7

necessary in light of the Defendants' purported failure to reasonably conduct discovery as to the PREA records at issue.  [Id.].

The parties' representations indicate that the central discovery dispute at issue here has largely been resolved, as the previously missing PREA records are now being produced.  Moreover, the Plaintiff does not contend that the Defendants acted with intent to deprive the Plaintiff of the PREA records.  Instead, the parties' remaining disagreement concerns two issues. First, the parties disagree about whether the mistake that resulted in the Defendants' failure to timely produce the missing PREA records was reasonable or unreasonable.  [Doc. 86 at 3-7, 9-11, 14; Doc. 93 at 4-5]. Second, the parties disagree about the extent to which the PREA records at issue are relevant to the Plaintiff's claims.  [Doc. 86 at 6, 11, 15; Doc. 93 at 3 n.2].

In considering the first disagreement, the Court has reviewed the record in this matter alongside the representations of the Defendant's counsel and the correspondence regarding discovery filed by the Defendant in response to the Court's Order.  On January 16, 2025, counsel for the Plaintiff informed the Defendant that its PREA-related productions were incomplete.  [Doc. 88-1 at 5-6].  In February and March of 2025, as counsel for the Defendant sought to collect responsive PREA documents, Charlotte

Williams, the state PREA director, reminded counsel for the Defendant that "specific investigatory documents are maintained by the facility." [Doc. 88 at 5]; see also [Docs. 89-12, 89-17]. On March 20, 2025, in a Reply in support of the motion to compel, the Plaintiff represented that there were "missing documents from all three facilities" at which the Plaintiff had been incarcerated. [Doc. 52 at 9]. On this record, the Court concludes that counsel for the Defendant should have known to request PREA records from the facilities at which the Plaintiff had been incarcerated. Accordingly, the Court concludes that, though the Defendant's counsel made a good-faith attempt to collect the relevant PREA records, counsel's failure to seek such documents from the facilities was not reasonable.

As to the second disagreement regarding the relevance of the requested PREA records, the Plaintiff contends that such records are relevant because the "risks that [the Plaintiff] faces in man's prison facilities as an intersex woman, including sexual harassment and abuse, are at the heart of her lawsuit, and of her requests for injunctive relief." [Doc. 83-1 at 17]. The Defendants contend that the requested records are "largely irrelevant" because the allegations in the Plaintiff's Complaint concern only events that occurred while the Plaintiff was housed at Avery-Mitchell Correctional Institute ("Avery CI"), and the only missing PREA record at issue

concerning an incident at Avery CI is from 2018 and thus outside the statute of limitations for the Plaintiff's Complaint. [Doc. 86 at 15]. Nevertheless, the Defendants did not object to the discovery request for the PREA records at issue. [Id. at 6]. Moreover, even if the Avery CI incident falls outside the statute of limitations, such timing does not necessarily preclude the relevance of the incident to establishing the Plaintiff's timely claims. Finally, the Plaintiff seeks injunctive relief that would entail transfer to a women's prison facility, and the PREA reports regarding incidents subsequent to the filing of the Plaintiff's Complaint may be relevant to the merits of that request. Accordingly, for the limited purpose of the instant motion for sanctions, the Court concludes that the Plaintiff has established that a reasonable factfinder could conclude that the PREA records could support the Plaintiff's claims.

Because the Court has concluded that the Defendant's mistake was not reasonable and that the PREA records at issue may be relevant to the Plaintiff's claims, the Court further concludes that the temporary loss of the information contained in the PREA records at issue prejudiced the Plaintiff at summary judgment. To cure such prejudice, the Court will grant the Plaintiff's request for a limited reopening of discovery. See Fed. R. Civ. P. 37(e)(1).

The Plaintiff further requests that the Court award attorneys' fees. [Doc. 83-1 at 16, 24-25; Doc. 93 at 5-7].[2] The Plaintiff contends that such fees are warranted both under Rule 26(g) because counsel for the Defendant unreasonably certified that the Defendants' discovery responses were complete, and under Rule 37(c)(1) because the Defendants unreasonably failed to supplement their discovery responses. [Doc. 93 at 5-7]. Rule 26(g)(3) provides that if an attorney's discovery certification violates Rule 26 "without substantial justification," the Court "must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both." Rule 37(c)(1) provides that if "a party fails to provide information . . . as required by Rule 26(a) or (e)," the Court "may order payment of reasonable expenses, including attorney's fees" or "impose other appropriate sanctions." In considering the Plaintiff's request for fees, the Court also considers the Plaintiff's failure to properly confer prior to filing the instant motion. In the related context of a motion to compel, failure to "attempt[ ] in good faith to obtain the disclosure or discovery without court action" precludes an award of fees. Fed. R. Civ. P. 37(a)(5)(A)(i). Here,

---

[2] The Plaintiff requests in her Reply memorandum that the Court revisit its prior decision not to award attorneys' fees pursuant to her motion to compel. [Doc. 93 at 7]. Such request is not a proper request for relief pursuant to the instant motion but is instead in the nature of a motion for reconsideration, which cannot properly be filed in a Reply memorandum. See LCvR 7.1(c)(2).

conferral by the Plaintiff's present counsel may have enabled the parties to resolve the issue without court action. As the Court noted supra, the issue appears largely to have been resolved prior to the issuance of this Order. The Court therefore concludes that the limited reopening of discovery in this matter, and not the award of attorneys' fees, is the appropriate sanction.

Accordingly, the Court will grant in part and deny in part the Plaintiff's motion for sanctions. The motion will be granted to the extent that, based on Defendants' counsel's unreasonable mistake during discovery, and for good cause shown, the Court will reopen discovery in this matter. In light of the Court's decision to reopen discovery, the Court will also deny the parties' pending motions for summary judgment as moot. That denial will be without prejudice to the filing of any renewed motions for summary judgment following the conclusion of the extended discovery period. The Plaintiff's motion for sanctions will otherwise be denied, including the Plaintiff's request for attorneys' fees. That denial will be without prejudice to any future motions based on future discovery disputes. The Court will also deny as moot the parties' Consent Motion for Administrative Stay of Surreply Deadline. Finally, the Court will direct the Plaintiff to ensure compliance with the Court's rules regarding consultation before filing any future motions.

### B. Motion to Seal

The Defendants move to seal correspondence produced at the direction of the Court. [Doc. 90]. The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Public Citizen, 749 F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interest in access.'" Id. at 265-66 (quoting Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" Id. at 266 (quoting In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents

and for rejecting the alternatives." <u>Ashcraft v. Conoco, Inc.</u>, 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendant's motion. The motion was filed on March 30, 2026, and it has been accessible to the public through the Court's electronic case filing system since that time. Further, the Defendant has only filed the correspondence at issue pursuant to the Court's Order, and all such correspondence is privileged attorney-client communication. The Court has considered less drastic alternatives and has concluded that such alternatives are not necessary, as the Defendants already filed a public summary of the sealed correspondence and that summary provides sufficient notice of the relevant contents of the privileged correspondence at issue. [<u>See</u> Doc. 88]. Accordingly, the Court concludes that sealing the correspondence is narrowly tailored to serve the interest of protecting the privileged communications. The Court will therefore grant the Defendants' motion to seal.

### C.     Motion for TRO and Preliminary Injunction

"To obtain the 'extraordinary relief' of a preliminary injunction, a plaintiff must establish the four so-called <u>Winter</u> factors: (1) that he's likely to succeed on the merits; (2) that he's likely to suffer irreparable harm if preliminary relief

14

isn't granted; (3) that the balance of equities favors him; and (4) that an injunction is in the public interest." Frazier v. Prince George's Cnty., Maryland, 86 F.4th 537, 543 (4th Cir. 2023) (quoting Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)). "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." Univ. of Texas v. Camenisch, 451 U.S. 390, 395 (1981); see also Di Biase v. SPX Corp., 872 F.3d 224, 231 (4th Cir. 2017) ("The principal function of a preliminary injunction is to maintain the status quo."). "Thus a request for an injunction to prohibit an act is rendered moot by the happening of the act." Di Biase, 872 F.3d at 231 (internal quotation marks omitted). As a result, "the key question here is whether a preliminary injunction will prevent plaintiffs from suffering new or additional irreparable harm while they litigate this case to final judgment." Am. Fed'n of State, Cnty. & Mun. Emps., AFL-CIO v. Soc. Sec. Admin., 172 F.4th 361, 372 (4th Cir. 2026).

On February 20, 2026, the Plaintiff moved for an emergency TRO and preliminary injunction seeking an Order that would require the Plaintiff to be separated from a prisoner Plaintiff had previously reported to prison officials for stalking, threats, and harassment. [Doc. 82]. The prisoner, Lamarr E. King, had previously been transferred away from the Plaintiff to another

prison facility but returned to Nash Correctional Institute, where the Plaintiff is housed, on February 12, 2026. [Id. at 2-3]. The Plaintiff acknowledges, however, that Mr. King was again transferred to a different facility on February 26, 2026, and that prison officials have now "entered Mr. King on the Central Management System as a 'threat' to [the Plaintiff]." [Doc. 85 at 6]. As a result, "Offender King will never be housed in the same facility as Plaintiff." [Doc. 84 at 19 (citing [Doc. 84-3 at 2 (Decl. of Steven Dezern)])]. Accordingly, the Court concludes that the Plaintiff's request for an Order requiring her separation from Mr. King is moot.

The Plaintiff also requests injunctive relief, including transfer to a women's prison facility, assurance of safe access to showers and common areas without exposure to aggressors, prohibition against retaliation, and requiring the production of certain evidence. [Doc. 82 at 3-4]. The Court has already addressed the evidentiary issue supra. As to the prohibition on retaliation and the placement in general population housing, the Plaintiff's motion nowhere forecasts imminent or likely retaliation or placement in punitive housing, so the Plaintiff has accordingly failed to establish a likelihood of irreparable harm in the absence of such relief. As to ensuring safe access to showers and common areas without exposure to aggressors, the Plaintiff's motion does not identify any aggressors other than Mr. King,

16

who has now been separated from the Plaintiff, so such request is moot or, in the alternative, fails to establish a likelihood of irreparable harm in the absence of such relief.

Finally, as to the Plaintiff's request for transfer to a women's prison facility, such request is central to the litigation of the Plaintiff's claims. [Doc. 1-1 at 37]. The Plaintiff, however, has not separately moved for a TRO or preliminary injunction at any time during the three years following the filing of the Complaint, despite being housed in men's prison facilities for that entire time period. The instant motion's request for emergency relief was responsive to Mr. King's placement in the same facility as the Plaintiff, not the continued housing in a men's prison facility. [Doc. 82-1 at 1-15]. Accordingly, the Court finds that the Plaintiff's motion fails to establish a likelihood of irreparable harm in the absence of the Plaintiff's transfer to a women's facility during the pendency of this litigation. See Quince Orchard Valley Citizens Ass'n, Inc. v. Hodel, 872 F.2d 75, 80 (4th Cir. 1989) ("Since an application for preliminary injunction is based upon an urgent need for the protection of [a] Plaintiff's rights, a long delay in seeking relief indicates that speedy action is not required."). Because the Plaintiff's request for separation from Mr. King is moot, and because the Plaintiff has failed to show

17

a likelihood of irreparable harm in the absence of other forms of injunctive relief, the Court will deny the Plaintiff's motion.

## III.    CONCLUSION

Discovery disputes and mistakes have heretofore stalled the progress of this litigation.  In the interest of justice, the Court concludes that discovery in this matter should be reopened for a brief period to ensure that all requested PREA reports are produced.  Accordingly, the Court will grant in part and deny in part the Plaintiff's motion for spoliation sanctions.  The motion will be granted in part to the extent that discovery is reopened, and it will otherwise be denied.  In light of the reopening of discovery, the parties' cross-motions for summary judgment will be denied without prejudice to the filing of renewed motions, and the deadline for such motions will be extended.  The Plaintiff's motion for a TRO or preliminary injunction will be denied. The Defendants' motion to seal ex parte will be granted. The parties' consent motion to stay the Plaintiff's surreply deadline will be denied as moot.

# O R D E R

**IT IS, THEREFORE, ORDERED** that discovery in this case is hereby **REOPENED**, and the discovery deadline in this matter is **EXTENDED** through and including **September 15, 2026**.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Partial Summary Judgment [Doc. 57] and the Defendants' Motion for Summary Judgment [Doc. 63] are hereby **DENIED AS MOOT** and without prejudice to the renewal of such motions for summary judgment. The dispositive motions deadline in this matter is **EXTENDED** through and including **October 15, 2026**.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Emergency TRO and Preliminary Injunction [Doc. 82] is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Spoliation Sanctions [Doc. 83] is hereby **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** to the extent that, based on the Defendants' mistakes during discovery and for good cause shown, the Court has reopened discovery and extended the deadline for filing dispositive motions in this matter. The motion is otherwise **DENIED**.

**IT IS FURTHER ORDERED** that the Defendant's Motion to Seal Ex Parte and for In Camera Review [Doc. 90] is hereby **GRANTED**.

19

**IT IS FURTHER ORDERED** that the parties' Consent Motion for Administrative Stay of Surreply Deadline [Doc. 92] is hereby **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Plaintiff is hereby **DIRECTED** to ensure compliance with the Court's rules regarding consultation before filing future motions.

**IT IS SO ORDERED**.

Signed: July 16, 2026

Martin Reidinger
Chief United States District Judge